Good morning and may it please the court. Steve Sadie for Mr. Cole, the petitioner. After a federal sentence that was silent on concurrency, the state court imposed a sentence concurrent with the federal sentence. The BOP's failure to honor the state court sentence and administratively creating a de facto consecutive sentence violates the Supreme Court's opinion in Setzer, the statutory basis for commencement of sentence in 3585A, and procedural due process regarding the ex parte contact with the judge eight years after the initial sentence. Mr. Sadie, let me just clarify my understanding of the record. Yes. Mr. Cole had been sentenced in a state court, but that sentence had been vacated the day before he appeared in federal court in Dallas? I believe on July 27th it was vacated and a new trial was granted. On the 30th, the federal court sentence was entered of 20 years, which was an upward departure, an agreed upward departure based on information. My question was there was no state sentence that had been imposed on him on the day he appeared in federal court to be sentenced on the federal charge. That is correct. That had been vacated. What about the 35-year sentence that had been imposed or that he was serving because of the earlier conviction? Right. There was a vehicular burglary case that had been imposed earlier and that case, as I understand it, under Texas law, runs concurrently with the state sentence to 25 years that was imposed on July 31st. But that sentence had been imposed and he was serving it at the time of the federal sentencing and the 25-year aggravated robbery charges that he was sentenced on the day after the federal sentence. I believe it was reduced to robbery. Yes, that was imposed on the 31st concurrently with the federal sentences. Mr. Sadie, how are you? Nice to welcome you down to Southern California. Thank you. I'm puzzled by why Setzer should have any bearing on this, and I say that because the sentencing district court judge was silent as to whether the federal sentence was going to run concurrently or consecutively with the anticipated state sentence. So then it falls to the Bureau of Prisons. And to that degree, I don't see where Setzer has any bearing on Cole's petition. Help me out. I believe it should be controlling on the first issue. Controlling on the first issue because Setzer said in numerous places, and I believe the district court included it for the quotations in its opinion, that 3621B, the designation authority of the BOP, does not confer administrative power to create consecutive sentences. And that's exactly what occurred here, and that's exactly what the rationale was. Well, does it do that, or does it give the BOP the discretion to determine whether or not to give him credit for the time served in state custody? I believe that what the court was looking at in Setzer was the de facto creation of concurrent or consecutive sentences. Well, that's not my question. My question, as I read, am I misreading 3621B? I thought what it purported to do was leave to the discretion of the Bureau of Prisons how it will account for some time that the federal inmate has previously served in state custody. Which, in effect, is making the decision in this case on these facts on creation of a de facto consecutive sentence in explicit contradiction of the state court order that it run concurrently. But you're not arguing, are you, Mr. Sadie, that the state court trumps the federal court in this? In this situation, this is one of those cases where under Setzer, Setzer said there are cases where the federal court can forbear from entering any sentence that are concurrent or consecutive and leave it. And that's exactly what occurred here. But if it doesn't, then doesn't it fall both under Setzer itself and our Taylor v. Sawyer for the district court, the sentencing district court to, I'm sorry, from Bureau of Prisons I meant to say, to then determine whether it's going to credit what happened in the state. Taylor is distinguishable from this case, but it also has been superseded by Setzer because Setzer says that there is not a residual Bureau of Prisons executive power. They repeatedly say that the same Department of Justice that prosecuted the case should not have the power to decide the question of concurrency or consecutive. That's a decision of the federal court. The federal court under footnote six, Justice Scalia clearly said they can forbear to impose anything leaving it to the state sentence. Once that has happened, the state should. You're a very talented lawyer, but let me read to you something from Setzer and tell me how you make of this. I'm quoting from page 1471 of the 132 Supreme Court. I'm quoting, if a prisoner like Setzer starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the federal government, whether the district court or the Bureau of Prisons that decides whether he will receive credit for the time served in state custody. If, for example, in this case, the Bureau of Prisons had designated the state institution, yes, they would have made the decision. But they cannot make the decision in contradiction to the state court decision. That's why we're here asking the federal court to do what is required in terms of honoring the state court judgment. Say that again? That Bureau of Prisons is bound by the state court? Is that your argument? In the situation where the federal court has foreborn, has decided not to say whether it should run concurrently or consecutively, that's what Justice Scalia says. The federal court makes the decision up front, leaving the state court to decide what to do based on all the available facts. They had all the available facts. We read that case very differently, I must say. I'm troubled by the same language that Judge Smith just read to you. And isn't part of the issue in Setzer, in the issue, whether there was exclusive authority in the Bureau of Prisons? That is, clarifying the role of the federal district court as opposed to the Bureau of Prisons, your position is that Setzer, in fact, takes away significant authority from the Bureau of Prisons. Absolutely. It does take away. It says repeatedly, 3621B is not the power of the Bureau of Prisons to make a decision. It has to be judicial and the judicial. I don't mean to interrupt you, but I think the question was whether the Bureau of Prisons could take away authority from the district court, and that's not really the issue that we have here. I think it is, because if we look only at the judgment, where the judgment is silent, and that leads to the state court judge to make the decision, as long as it's a judicial decision, Setzer says, that's fine. And they specifically talk about the comity interest, that the respect for a co-equal jurisdiction, a co-equal sovereign that is thwarted if the executive branch comes in and with no judicial order of consecutive, where's the judicial order here? It doesn't exist. How do you square that with the language that was just read to you? I think that, first of all, if the Bureau of Prisons carries out its functions correctly, yes, it is a Bureau of Prisons decision. They're saying, yes, it should run concurrently. If it is in violation of a judicial. Is it that, or does he get credit against his federal sentence for the time that he has served in state custody? That's how I read that sentence. And that goes to the second issue, which is he was in federal custody starting in 1992. The Ninth Circuit controlling authority says that once he's turned over, and it was just a stupid mistake, they didn't realize the first question you all asked, what was the sequence of sentencing? They got it wrong. We know that from three different sources. And when they recognized their error, they immediately moved him to state custody and then apparently gave him credit against his federal sentence for the time that he had served in the federal place of detention. But once you've commenced a sentence under 3585A, there is no provision where there is no fault of the defendant for interrupting and stopping the running of the sentence. It's a continuous sentence. But they interrupted if they give him credit for the sentence. There's no interruption at all. It's as if he were in the custody of the state court the entire time. They interrupted the custody. They changed the physical location. And we don't care about the physical location on the second issue. We don't care. But the issue is credit against the sentence, not where the defendant is physically housed. I mean, he can be designated to a state facility and be serving federal time under 3621B. But under 3585A, once it commences, and there's no question that it commenced, he was designated to Bastrop. Once he was designated to Bastrop, there's no way under Ninth Circuit law that they can interrupt that sentence. Smith has a question. You're out of time, but go ahead. I'm just going to say, I think perhaps we're looking at the different sides of the same coin. You're talking about whether it's consecutive. We're talking about whether there's a credit. And they are different. And at least as I read it under Setzer, it may boil down to much the same thing. But anyway. I don't think that the credit is the mechanism for realizing the concurrent or consecutive session. So it is a decision about concurrency or consecutive. When you're making that type of decision, that's why the designation authority is not a sentencing authority. The same thing with the credit. And why 3585B should be construed where they are factually interlinked. And yet if you take that approach, at least in my mind, you are in effect writing off into oblivion a good part of the Setzer decision. Because it ends up by talking about this is where the Bureau of Prisons comes in. And it talks about how the credit can be applied. And that it does have authority to do that. But maybe on rebuttal you can address something. Let's hear from the government and I'll give you some time on rebuttal. Thank you. May it please the Court. My name is Natalie White. I'm an AUSA from the District of Oregon. And I represent the Federal Bureau of Prisons and Warden Thomas in this matter. To address some of the issues that the Court has already discussed, the government's position is that Petitioner has misinterpreted Setzer as well. What Petitioner relies on is that he suggests that Setzer does limit the, not just the authority of the federal judge, but also the Bureau of Prisons and how they are supposed to administer the sentence. And there's certainly nothing in Setzer that changes the decision made by the Southern District of Texas in this case. And the primary issue that the government suggests to focus on during the appeal is that this is actually an abuse of discretion review we're doing for the District Court's decision to dismiss this petition under 2244. Okay. I didn't, I guess we didn't give Mr. Sadie enough time to talk about that. But I'm really interested in the jurisdictional question here. Because I read Judge Atlas' decision and it sure seems like we're replowing the same ground that she covered in a very comprehensive opinion several years earlier. Absolutely, Your Honor. And one of the points that Judge Rosenthal had made about the 35-year sentence, it's something that is sincerely avoided by Petitioner in most of his pleadings. But the fact that you've addressed it, if that sentence was undischarged at the time of the federal sentence, that actually gets rid of Setzer altogether. Because then we actually have a sentence that was undischarged at the time of the federal sentence and therefore we don't have an issue of the, well we have a secondary issue of these unimposed sentences. So your position is, as a matter of fact, there was a state sentence that was undischarged, the 35-year vehicular burglary. Absolutely. And then came the federal sentence. The district judge didn't say whether it was going to be consecutive or concurrent, which would then trigger the application of 3584. And that answers the question as to whether or not the BOP can credit him for consecutive or concurrent time. That's correct, Your Honor. And that's what the Southern District found. And that's what the District of Oregon reviewed and also agreed with. And I gather that the government argues that the District Court in Oregon was correct in treating this as a successive plea in light of the previous determination by the district judge in Texas, right? Yes, that's correct, Your Honor. Do you have anything else you want to say? I do. I think we understand the issue. I mean, it was well briefed on both sides. But I don't want to, you've got seven minutes. You can use it or not as you see fit. Thank you, Your Honor. The court just asks that you affirm the decision of the District Court of Oregon. We'll figure that out. So, Mr. Sadie, why are you here? Why should we not simply dismiss this case? And can I add to that question? Does the success of your position that this is not successive depend on us believing that Setzer really did change the law? No. Okay. Because there are many other reasons that I think that the court should be reviewing this de novo. First of all, the District Court opinion was based on a clear error of fact in law, which is on exhaustion. I mean, they went through Setzer. Wyatt then segued almost immediately into saying, well, I'm going to defer to the decision that he didn't exhaust. And that's just wrong. So we don't defer to the District Court. So you're looking at it in the first instance. But Judge Atlas did reach the merits of the argument, did she not? She reached the merits of the argument under the wrong standard of review. Well, before we get to the standard of review, I mean, ordinarily when you conclude that there was a failure to exhaust, you would just dismiss for lack of jurisdiction, and you would never go on to talk about the actual merits of the claim. But she did that, didn't she? Well, she went to merits of the claim, but it was not after exhaustion of administrative remedies. So what we have in this petition is after exhaustion of administrative remedies, he is appealing the administrative decision. This is exactly like Berrapind, where the court was saying it has to be a judgment of the court for 2244A to apply. There's no judgment of the court because that was an administrative decision of the Immigration Service. Are you suggesting that we should ignore the discussion on the merits by the District Judge in Texas because there was no exhaustion of administrative remedies when she made her determination? Is that what you're saying? That is one of the reasons because, yes, now we have a further developed administrative record through the BP 8910 and 11, which all had a different rationale. Do you have any case law that can help us that would substantiate your position that when a judge like this judge apparently thought the exhaustion had taken place, considered the merits that the opinion could be basically thrown out because there was no exhaustion? That's factually wrong. Judge Atlas said that she recognized that there was no administrative remedies available. She was not saying that you failed to exhaust. But she declined to dismiss on exhaustion. That is exactly right. She didn't dismiss it, but then when she went over the facts, she had some critical facts wrong. She relied on the eight-year post hoc contact with the sentencing judge, which I think is a clear procedural violation, and applied a standard of review. It's extraordinarily difficult to pass. Let's address that issue. Is it your position that under no circumstances can the Bureau of Prisons correspond or communicate with the district judge in order to ascertain the answer to some question that is raised when an inmate files a challenge to the sentence that he's serving? I think that it depends on whether, in this instance, absolutely. This is under Memphis v. Ray. The answer to this question was the difference between 20 and 40 years in custody. And for that to occur with no counsel present, nobody arguing, hey, this was a package deal, folks. That's why you did it. The question could have been answered very simply by the district judge by saying, no, I intended it to be concurrent, in which case that would have been the end of the matter and he would have been afforded the relief that he sought. I mean, do you really want your clients ridded out of all the programs that they're in in order to come back so the judge can say, no, I intended it to be consecutive? Call his lawyer.  They were acting like, oh, this was supposed to be consecutive all along. The sentencing was May 22nd. They gave him the wrong facts. And the judge, eight years later, it's unfair going to a judge eight years later, oh, do you remember that case and what you were intending? Nobody said, oh, in the pre-sentence report you saw that it was concurrent. You knew that all along. You know how Texas law operates. That's so incredibly unfair. But actually, if they hadn't called the judge, wouldn't the usual presumption apply? No. Under 3584? No, because that was a subsequent as yet imposed. And what Setzer says is that the third sentence applies to the first sentence, not to any other situation. And the 28J letter answer that we filed, we cite exactly the quotation that says, they reject the reading of the third sentence of 3584A as saying that it applies to unimposed sentence. Otherwise, the whole discussion of forbearing makes no sense. How could you forbear if there's a ‑‑ The whole discussion is a footnote. Well, and a very critical one in terms of the analysis, though. And it's Supreme Court authority. Okay. I've let you go over. Thank you. Thank you very much. And thank you both for your argument. And, Mr. Seed, I really ‑‑ I just want to say I've heard a number of cases that you've litigated on these prison credit cases, and I'm actually really glad that somebody is addressing them. So thank you for doing them. Glad to. Okay. The case just argued is submitted.
judges: Rosenthal, Tallman, Smith